```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NODIRKHON SAYFULLOZODA,                              )
                                                     )
                            Plaintiff,               )       COMPLAINT
                                                     )
            -against-                                )       JURY TRIAL
                                                     )       DEMANDED
COURT OFFICER WILFRED COLON, Shield No. 3164;        )
COURT SERGEANT "FNU" [First Name Unknown]            )       15 Civ. 2336 (JBW) (MDG)
DYER, Shield No. 277; COURT OFFICER "FNU"            )
WOODYARD, Shield No. 3635; COURT OFFICER             )
"FNU" GUZMAN, Shield No. 7850; COURT SERGEANT)
"FNU" NAPOLITANO, Shield No. 452; JOHN DOE #1;       )
JOHN DOE #2; JOHN DOE #3; JOHN DOES; and             )
RICHARD ROES,                                        )
                                                     )
                            Defendants.              )
-----------------------------------------------------------------X
```

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff NODIRKHON SAYFULLOZODA seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff NODIRKHON SAYFULLOZODA was at all times relevant herein a resident of the State of New York.

7. Defendants COURT OFFICER WILFRED COLON, Shield No. 3164, COURT SERGEANT "FNU" [First Name Unknown] DYER, Shield No. 277; COURT OFFICER "FNU" WOODYARD, Shield No. 3635; COURT OFFICER "FNU" GUZMAN, Shield No. 7850; COURT SERGEANT "FNU" NAPOLITANO, Shield No. 452; JOHN DOE #1, JOHN DOE #2,

JOHN DOE #3, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the State of New York. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants COURT OFFICER WILFRED COLON, Shield No. 3164, COURT SERGEANT "FNU" [First Name Unknown] DYER, Shield No. 277; COURT OFFICER "FNU" WOODYARD, Shield No. 3635; COURT OFFICER "FNU" GUZMAN, Shield No. 7850; COURT SERGEANT "FNU" NAPOLITANO, Shield No. 452; JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, and JOHN DOES, are sued individually.

8.  Defendants COURT SERGEANT "FNU" [First Name Unknown] DYER, Shield No. 277; COURT SERGEANT "FNU" NAPOLITANO, Shield No. 452; and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of the State of New York, responsible for the training, retention, supervision, discipline and control of subordinate Court Officers and other personnel under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants COURT SERGEANT "FNU" [First Name Unknown] DYER, Shield No. 277;

COURT SERGEANT "FNU" NAPOLITANO, Shield No. 452; and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

9. On April 29, 2014 at approximately 3 p.m., Plaintiff was present in a courtroom at the Queens County Criminal Court, located at 125-01 Queens Boulevard, Kew Gardens, New York, to attempt to answer a Desk Appearance Ticket (DAT) that had been issued to him.

10. Defendant COURT OFFICER WILFRED COLON told Plaintiff to put his phone away, and Plaintiff did so.

11. Plaintiff later, in the course of waiting for his case to be called, took his phone out again to check it momentarily.

12. Defendant COURT OFFICER WILFRED COLON told Plaintiff to get out of the courtroom.

13. Plaintiff went out of the courtroom, and sat in the hallway for approximately two hours.

14. Plaintiff, however, had a court date that needed to be attended to, and re-entered the courtroom to check on whether his case had already been called or was still waiting to be called.

15. As Plaintiff re-entered the courtroom Defendant COURT OFFICER WILFRED COLON told him, in sum and substance, "I told you to get out."

16. Plaintiff tried to explain that he had a court date to attend to in the courtroom that day, and needed to know if his case had been called or if he was still waiting for his case to be called.

17. Defendant COURT OFFICER WILFRED COLON, along with 2 or 3 other JOHN DOES Court Officers - JOHN DOES Nos. 1 and 2, and possibly No. 3, on information and belief including COURT SERGEANT "FNU" DYER and COURT OFFICER "FNU" WOODYARD - then pushed Plaintiff out of the courtroom, and manhandled Plaintiff with wanton and unjustified violence, injuring Plaintiff's leg and foot, and handcuffed Plaintiff.

18. Plaintiff was then taken upstairs in the courthouse and placed into a cell.

19. Plaintiff's pockets were illegally searched by the Defendant Court Officers, including, on information and belief, Defendants COURT SERGEANT "FNU" DYER and COURT SERGEANT "FNU" NAPOLITANO.

20. Plaintiff's phone was stolen by the Defendant Court Officers, including, on information and belief, Defendants COURT SERGEANT "FNU" DYER and COURT SERGEANT "FNU" NAPOLITANO.

21. The Defendant Court Officers - including, on information and belief, Defendants COURT SERGEANT "FNU" DYER and COURT SERGEANT "FNU" NAPOLITANO - illegally searched the contents of Plaintiff's wallet, and found a fake university identification that Plaintiff had there.

22. Plaintiff was given a summons charging him with Disorderly Conduct, in purported violation of New York State Penal Law § 240.20, subsections 1, 2, 4, and 5, and released after approximately two hours in custody.

23. The summons – signed under penalty of perjury by Defendant COURT OFFICER WILFRED COLON – falsely alleged:

> At TPO [time and place of occurrence]. Subject did Cause publick alarm by

       refusing to comply with A/O [arresting officer] directive to not enter the courtroom. In a loud and boisterous manner Causing a crowd to gather "Aprox" 20 people and obstructing the flow of pedestrian traffic into the courtroom (AP5)

24. These allegations are lies.

25. Plaintiff did not refuse to comply with the directive not to enter the courtroom.

26. Plaintiff had waited patiently in the hallway for approximately two hours, and only re-entered the courtroom to check on whether his case had already been called or was still waiting to be called, because of the length of time that had passed without anyone coming to the hallway to call him for his court appearance.

27. Plaintiff was neither loud nor boisterous.

28. Plaintiff did not cause any crowd to gather.

29. Plaintiff did not obstruct any pedestrian traffic from entering the courtroom.

30. The Criminal Court case that Plaintiff had been attempting to address on April 29, 2014 was adjourned to the following day.

31. When Plaintiff came to the courthouse the following day to again attempt to address that matter, he was arrested by members of the New York City Police Department (NYPD) for possession of the fake university identification that had been found in his wallet during his false arrest the day before.

32. While in NYPD custody, the pain and swelling to Plaintiff's foot from the attack he sustained from the Defendant Court Officers the day before reached such a degree that Plaintiff asked to be taken to the hospital.

33. While in NYPD custody, Plaintiff was brought to Jamaica Hospital, where he was diagnosed with a fracture to his 5th metatarsal bone in his right foot, and other injury to his knee,

leg, ankle, and foot, and placed in a soft cast boot.

34. Plaintiff proceeded *pro se* at a trial on the disorderly conduct charges on August 28, 2014 before a Judicial Hearing Officer, and was found guilty of a violation of New York State Penal Law § 240.20, subsection 5, and sentenced to pay a fine of $50.

35. The charges under New York State Penal Law § 240.20, subsections 1, 2, and 4 have been, on information and belief, dismissed in their entirety.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

37. By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, abusing process against plaintiff, maliciously prosecuting plaintiff, fabricating evidence / false statements against plaintiff, trespassing upon plaintiff, denying plaintiff access to the courts, violating and retaliating for the exercise of rights to free speech of plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants COURT OFFICER WILFRED COLON, COURT SERGEANT "FNU" DYER, COURT OFFICER "FNU" WOODYARD, COURT OFFICER "FNU" GUZMAN, COURT SERGEANT "FNU" NAPOLITANO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, and JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally,

maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

38. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

40. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants COURT SERGEANT "FNU" DYER, COURT SERGEANT "FNU" NAPOLITANO, and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

41. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **THIRD CLAIM**

## **ASSAULT AND BATTERY**

42.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

43.  By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

44.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **FOURTH CLAIM**

## **FALSE ARREST AND FALSE IMPRISONMENT**

45.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

46.  By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## FIFTH CLAIM

### ABUSE OF PROCESS

48. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

50. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### TRESPASS

51. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52. The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

53. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

57. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

59.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

60.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## MALICIOUS PROSECUTION

63.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## CONVERSION

66. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67. Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## CONSTITUTIONAL TORT

69. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70.   Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9 and 12 of the New York State Constitution.

71.   A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

72.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
July 2, 2015

_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Yana A. Roy, Esq.
YANA A. ROY & Associates, P.C.
1225 Franklin Avenue, Suite 325
Garden City, New York 11530
(516) 216-1675

Attorneys for Plaintiff