UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NODIRKHON SAYFULLOZODA,

                      Plaintiff,

-against-

COURT OFFICER WILFRED COLON, Shield No. 3164; COURT SERGEANT RICHARD DYER, Shield No. 277; COURT OFFICER THOMAS WOODYARD, Shield No. 3635; COURT OFFICER JOSEPH GUZMAN, Shield No. 7850; COURT SERGEANT DOMINIC NAPOLITANO, Shield No. 452,

                      Defendants.

15-CV-02336 (JBW) (MDG)

**STIPULATION OF SETTLEMENT, GENERAL RELEASE & ORDER OF DISMISSAL**

Stipulation of Settlement, General Release and Order of Dismissal (hereinafter "Stipulation") entered into, by and among Plaintiff Nodirkhon Sayfullozoda ("Plaintiff") and Defendants Court Officer Wilfred Colon, Court Officer Thomas Woodyard, Court Sergeant Richard Dyer, Court Sergeant Joseph Guzman, and Court Sergeant Dominic Napolitano (collectively, "State Defendants") as of March 4, 2016:

**WHEREAS**, Plaintiff commenced the above-captioned action in the United States District Court for the Eastern District of New York by filing a complaint on or about April 23, 2015, pursuant to 42 U.S.C. § 1983 and New York State law, asserting claims for, *inter alia*, alleged violations of his First, Fourth, and Fourteenth Amendment rights against Defendant Court Officer Wilfred Colon; and

**WHEREAS**, Plaintiff filed an Amended Complaint on or about July 2, 2015, asserting substantially identical claims against the remaining State Defendants; and

**WHEREAS**, the claims and allegations in the Amended Complaint, together with all

related filings and proceedings, constitute "the Action"; and

WHEREAS, Plaintiff commenced a further action <u>Sayfullozoda v. State of New York</u> in the New York State Court of Claims under Claim Number 126036 ("the Court of Claims Action") asserting claims relating to the incidents alleged in the Action; and

**WHEREAS**, State Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in connection with the events alleged in the Action or the Court of Claims Action; and

**WHEREAS**, Plaintiff and State Defendants desire to fully resolve the Action and the Court of Claims Action and any and all other disputes, whether known or unknown, among them without further litigation and without admission of fault or liability;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, Plaintiff and State Defendants hereby stipulate and agree, and the Court orders, as follows:

1. **Dismissal of the Action with Prejudice:** The Action and all claims asserted therein – or which could have been asserted therein based on allegations made in the Amended Complaint or otherwise – are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 3 of this Stipulation.

2. **Dismissal of the Court of Claims Action with Prejudice**: The Court of Claims Action and all claims asserted therein – or which could have been asserted therein based on the allegations made in the claim or otherwise – are hereby dismissed, with prejudice, and without payments, attorneys' fees, costs, disbursements or expenses in excess of the amounts specified in Paragraph 3 of this Stipulation. As an express condition precedent of Defendants' obligation to

make payments as set forth in paragraph 3(a), Plaintiff shall promptly file the Stipulation of Discontinuance with Prejudice in the Court of Claims Action, in the form annexed hereto as Exhibit A,

3. **Payments to Plaintiff and Plaintiff's Attorneys:** For and in consideration of Plaintiff's execution of this Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action and the Court of Claims Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare as set forth in Paragraphs 8 and 9, the State of New York, on behalf of the State Defendants, shall pay the gross amount of One Hundred and Twenty Two Thousand and Five Hundred Dollars and No Cents ($122,500.00) in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against State Defendants, the New York State Unified Court System ("UCS") and/or the New York State Office of Court Administration ("OCA") (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) arising out of any conduct, acts or omissions prior to, and as of the date of this Stipulation, including but not limited to those asserted in the Action. Payment of the above-referenced sum shall be made as follows:

(a) A single payment in the amount of One Hundred and Twenty Two Thousand and Five Hundred Dollars ($122,500.00), for which I.R.S. Forms 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, physical injury, pain and suffering, mental

and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages), and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by PLAINTIFF NODIRKHON SAYFULLOZODA for any and all legal counsel who have at any time represented PLAINTIFF NODIRKHON SAYFULLOZODA in the Action and the Court of Claims Action, as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. The foregoing payment shall be made payable to the order of "Nodirkhon Sayfullozoda, Jeffrey A. Rothman, and Yana A. Roy," and shall be mailed to Plaintiff's attorney, Jeffrey A. Rothman, Esq., at 315 Broadway, Suite 200, New York, NY, 10007.

4. **State Approval of Payments:** Payment of the sums specified in Paragraph 3 of this Stipulation are subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, this Stipulation shall be null, void, and of no further force and effect, and in that event State Defendants agree that they will not oppose an application to reinstate the instant Action or the Court of Claims action.

5. **Accrual of Interest:** In the event the payments specified in Paragraph 3 of this Stipulation have not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Stipulation, entered on the docket by the Clerk of Court, together with all other documentation required under Paragraphs 4, 8, and 9 of this Stipulation, interest on any part of the sum not paid by the one

hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day.

6. **Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes:** It is understood and agreed that any taxes, or interest or penalties on taxes, on the payments specified in Paragraph 3 of this Stipulation shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) on account of such taxes, interest or penalties. Plaintiff and Plaintiff's attorneys agree that they will indemnify and hold harmless State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) for the satisfaction of any such taxes, or interest or penalties on taxes, so long as said persons have been provided with notice of any such claim or proceeding against State Defendants, or UCS, or OCA, or the State of New York and, or, any agency thereof, within 14 days following receipt of notice of such claim or proceeding by the State Defendants, or UCS, or OCA, or the State of New York and, or, any agency thereof. Notice to Jeffrey A. Rothman, Attorney At Law, by mail to 315 Broadway, Suite 200, New York, NY 10007, and by email to rothman.jeffrey@gmail.com, shall constitute sufficient notice under this Paragraph 6.

7. **Responsibility of Plaintiff and Plaintiff's Attorneys for Liens:** Plaintiff and Plaintiff's attorneys agree that neither State Defendants, UCS or OCA (including, but not limited

to, any of UCS's or OCA's officials, employees, or agents, whether in their individual or official capacities) nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments specified in Paragraph 3 of this Stipulation. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) on account of such liens, and agree that they will indemnify and hold harmless State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) for the satisfaction of any such liens, so long as said persons have been provided with notice of any such claim or proceeding against State Defendants, or UCS, or OCA, or the State of New York and, or, any agency thereof, within 14 days following receipt of notice of such claim or proceeding by the State Defendants, or UCS, or OCA, or the State of New York and, or, any agency thereof. Notice to Jeffrey A. Rothman, Attorney At Law, by mail to 315 Broadway, Suite 200, New York, NY 10007, and by email to rothman.jeffrey@gmail.com, shall constitute sufficient notice under this Paragraph 7.

8. **Medicare Certification:** Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare

regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit B, to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the sums specified in Paragraph 3 of this Stipulation, and falls within the category of "other documentation" described in Paragraphs 4 and 5 of this Stipulation.

9. **Responsibility of Plaintiff for Any Medicare Payments and/or Liens:** Plaintiff agrees to indemnify and hold harmless State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or UCS and/or OCA and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the payments specified in Paragraph 2 of this Stipulation. Upon receipt of all required documentation under Paragraphs 4, 5, and 8, payment of the sums specified in Paragraph 3 shall be made in accordance with the terms set forth herein.

10. **General Release:** For and in consideration of the payments referenced in Paragraph 3 and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Stipulation, Plaintiff, on behalf of himself, or his heirs, executors, administrators, successors, and assigns (collectively,

"the Releasing Parties"), hereby releases and forever discharges State Defendants, OCA, UCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, (collectively, "the Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future, against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of this Stipulation, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Amended Complaint filed in the Action or have been otherwise asserted in the Action; (b) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the claim filed in the Court of Claims Action or have been otherwise asserted in the Court of Claims Action; (c) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. § 1983; New York State law; the United States Constitution; the New York State Constitution; and (d) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation,

infliction of emotional distress, assault, battery, false imprisonment, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law. This release also includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments and officials in any other forum, administrative or otherwise, related to or arising from any of the transactions, acts, omissions or occurrences set forth in this Action, up to and including the date of this Stipulation, as well as a waiver for all fees and costs associated with this Action, other than as set forth in Paragraph 3 of this Stipulation.

11. **No Other Action or Proceeding Commenced:** Other than the Action and the Court of Claims Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for State Defendants to enter into this Stipulation.

12. **No Other Attorneys:** The undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action or the Court of Claims Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action. The undersigned attorneys for Plaintiff agree to indemnify and hold harmless State Defendants, UCS and/or OCA (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, so long as the undersigned attorneys for Plaintiff have been provided with notice of any such claim or proceeding against State Defendants, or UCS, or OCA, or the State of New York and, or, any agency thereof, within 14 days following receipt of notice of such claim or proceeding by the State Defendants, or UCS, or OCA, or the State of New York and, or, any agency thereof. Notice to Jeffrey A. Rothman, Attorney At Law, by mail to 315 Broadway, Suite 200, New York, NY 10007, and by email to rothman.jeffrey@gmail.com, shall constitute sufficient notice under this Paragraph 12.

13. **No Prevailing Party:** Neither Plaintiff nor State Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **Successors and Assigns:** The terms and conditions of this Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15. **Authority:** Each signatory to this Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

16. **Voluntary Agreement:** Each of the parties hereto executes and delivers this Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties hereto acknowledges that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

17. **No Admission of Liability:** It is understood and agreed that any actions taken or payments made pursuant to this Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims which have been or could have been asserted in the Stipulation. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of State Defendants, OCA and/or UCS (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof).

18. **No Precedential Value:** This Stipulation shall not in any manner be construed as determinative of the issues or claims raised, or which could have been raised, in the Action or

any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop State Defendants, OCA and/or UCS (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

19. **Entire Agreement:** This Stipulation constitutes the entire agreement among the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

20. **Governing Law:** The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 10 of this Stipulation.

21. **Severability:** If any provision of this Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22. **Headings:** The headings contained in this Stipulation are for convenience of reference only and are not a material part of this Stipulation.

23. **Execution:** This Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one agreement, and may be executed by facsimile signature and facsimile notary seal.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date indicated below.

**THIS STIPULATION INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS**

Dated: March 4, 2016

_____
NODIRKHON SAYFULLOZODA

STATE OF New York )
                  ) ss.:
COUNTY OF Kings   )

On the 4th day of March 2016, before me personally came and appeared NODIRKHON SAYFULLOZODA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

YANA A. ROY
Notary Public, State of New York
No. 02RO6038612
Qualified in Kings County
Commission Expires March 20, 20__

Dated: March 2, 2016

JEFFREY A. ROTHMAN, ATTORNEY AT LAW
*Attorney for Plaintiff*

_____
315 Broadway, Suite 200
New York, NY 10007
(212) 227-2980

Dated: March 4, 2016

YANA A. ROY, ESQ.
*Attorney for Plaintiff*

_____
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
(516) 216-1675

Dated: March 7, 2016

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for State Defendants*
By:

_____
Michelle R. Lambert, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-6203

**SO ORDERED:**

Dated: March ____, 2016

_____
Honorable Jack B. Weinstein
United States District Judge